[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On February 23, 1999, the trial court ordered, pursuant to R.C.3109.04(E), the reallocation of parental rights pertaining to the parties' two youngest children. Because of the trial court's decision to make the defendant-appellee the custodial parent, the plaintiff-appellant requested findings of fact and conclusions of law, which were entered upon the trial court's journal on March 5, 1999. From that entry, the plaintiff-appellant has appealed, claiming that the trial court abused its discretion. We disagree.
An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable. See Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. In determining whether the requirements for a modification of the allocation of parental rights under R.C. 3109.04 have been met, the trial court is given wide latitude to decide whether there has been a change in circumstances affecting the children and whether it would be in the best interests of the children to make such a modification. See Davis v. Flickinger (1997), 77 Ohio St.3d 415,674 N.E.2d 1159, paragraphs one and two of the syllabus; Rowe v.Franklin (1995), 105 Ohio App.3d 176, 663 N.E.2d 955. If there is a "substantial amount of credible and competent evidence" to support the trial court's decision allocating parental rights, that decision will no be deemed by this court to have been an abuse of discretion. See Davis, supra, at 418, 647 N.E.2d at 1162.
The record in this case discloses competent and credible evidence that supports the trial court's decision. Most notable of the factors relied upon by the court in making its determination were (1) the improper influence that the plaintiff-appellant's live-in fiancé had upon the two children, (2) the plaintiff-appellant's unstable employment situation, and (3) the condition of plaintiff-appellant's home, which the court believed was an unsuitable and unhealthy environment for the children. Based upon the findings made by the trial court, which are overwhelmingly supported by the record, we hold that the trial court did not abuse its discretion and overrule the plaintiff-appellant's assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.